UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TYLER R. FITZGERALD,<br>　　　Petitioner, | Case No. 1:16-cv-307 |
| vs. | Black, J.<br>Bowman, M.J. |
| WARDEN, CHILLICOTHE<br>CORRECTIONAL INSTITUTION,<br>　　　Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution, through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on respondent's motion to dismiss, petitioner's response in opposition, and respondent's reply. (Docs. 6, 9, 10).

## I. FACTUAL BACKGROUND.

The Ohio Court of Appeals set forth the following set of facts leading to petitioner's conviction and sentence:[1]

> Defendant/Appellant was a 21-year-old Marine, on leave, having previously been deployed in Afghanistan for 8 months. The alleged victim was Appellant's 15-year-old step-sister, "P.E." Appellant had known P.E. since she was three years old. Appellant and the victim participated with others in events which began on October 21, 2012 and extended into the early morning hours at a location in the Highland Bend area of Scioto County. Appellant and two friends had been frequenting bars, prior to meeting P.E. and another minor female at the trailer in Highland Bend. Appellant and P.E. had been text messaging each other in the hours prior to the planned event, a drinking game.
>
> P.E. got sick during the drinking game, and was helped to her bedroom. After the drinking game concluded and the other parties retired to various locations to sleep, an incident of sexual intercourse occurred between Appellant and P.E. Appellant

---

[1] 28 U.S.C. § 2254(e)(1) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless petitioner rebuts the presumption by "clear and convincing evidence." Because petitioner has neither cited nor presented clear and convincing evidence to rebut the Ohio Court of Appeals' factual findings quoted herein, the state appellate court's factual findings are presumed to be correct. *See McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004).

>claimed it was consensual. P.E. claimed she awoke in pain and found Appellant on top of her. She immediately reported being raped.

(Doc. 5, Ex. 17 at PageID 232–33).

## II. PROCEDURAL HISTORY

### State Trial Proceedings

On March 14, 2013, the Scioto County, Ohio, grand jury returned a two-count indictment charging petitioner with one count of rape and one count of unlawful sexual conduct with a minor. (Doc. 5, Ex. 1). Petitioner plead not guilty to the charges in the indictment. (Doc. 5, Ex. 2).

On July 17, 2013, petitioner filed a motion for referral to psychiatric clinic for evaluation of sanity at the time of the offense, followed by a supplemental plea of not guilty by reason of insanity. (Doc. 5, Ex. 3, 5). After ordering the production of petitioner's mental health records from the United States Military and holding a hearing on the matter, the trial court overruled petitioner's not guilty by reason of insanity plea. (Doc. 5, Ex. 7).

On July 30, 2013, following a jury trial, petitioner was found guilty as charged in the indictment. (Doc. 5, Ex. 8). Petitioner was sentenced to eight years of imprisonment. (Doc. 5, Ex. 9).

On August 13, 2013, petitioner, through counsel, filed a motion for a new trial. (Doc. 5, Ex. 11). The trial court overruled petitioner's motion on October 3, 2013. (Doc. 5, Ex. 13).

### Direct Appeal

On October 16, 2013, petitioner, through counsel, filed a timely appeal to the Ohio Court of Appeals. (Doc. 5, Ex. 14, 29). Petitioner raised the following four assignments of error in the appeal:

1. The trial court erred when it applied the incorrect legal standard when ruling on

2

    Appellant's request to enter a plea of not guilty by reason of insanity

2. The trial court abused its discretion when it failed to grant Appellant's motion to excuse jurors for cause

3. The trial court erred when it failed to consider R.C. 2929.14(F) when imposing its sentence

4. The trial court erred when it denied Appellant's motion for new trial based on prosecutorial misconduct

(Doc. 5, Ex. 14 at PageID 157).  The Ohio appeals court overruled petitioner's assignments of error on November 7, 2014.  (Doc. 5, Ex. 17).  With regard to his third assignment of error—that the trial court erred by failing to consider Ohio Rev. Code § 2929.14(F) when imposing its sentence—the Ohio Court of Appeals determined that petitioner failed to satisfy his burden to rebut the presumption that the trial court considered the sentencing criteria:

> {¶ 43} Appellant contends the trial court failed to consider his military background and record, pursuant to R.C. 2929.12(F), when imposing the sentence.  After the verdict was rendered, Appellant's counsel stated:
>
>> " * * *I just want to remind the Court that in March of this year the legislature added consideration in the sentencing statute 2929.12(F), that a Court is to consider an offenders military background and record when imposing sentence.  We would ask for a P.S.I. just to get that background."
>
> In response, the trial court stated: "I know he doesn't have any record, Mr. Nash.  However, this is a very serious, serious charge."  Appellant points out subsection (F), enacted on March 22, 2013, mandates the trial court to determine whether the offender has an emotional, mental, or physical condition traceable to the offender's service in the military, that is a contributing factor in the commission of the offense.  The transcript of the sentencing and the journal entry do not contain reference to R.C. 2929.12(F).  Appellant argues this is proof the trial court considered only R.C. 2929.11(A),(B), and (C), R.C. 2929.12(B), (C), (D), and (E), and R.C. 2929.13(B) when imposing sentence.  For the reasons which follow, we disagree with Appellant.
>
> {¶ 44} R.C. 2929.12, seriousness of crime and recidivism factors, provides:
>
>> "(A) Unless otherwise required by section 2929.13 or 2929.14 of the

3

> Revised Code, a court that imposes sentence under this chapter upon an offender for a felony has the discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in division (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, and the factors set forth in division (F) of this section pertaining to the offender's service in the armed forces of the United States and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.
>
> * * *
>
> (F) The sentencing court shall consider the offender's military service record and whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses."

{¶ 45} While the trial court is required to consider the R.C. 2929.12 factors, "the court is not required to 'use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors (of R.C. 2929.12.)'" *State v. Latimer,* 11th Dist. Portage No.2011–P–0089, 2012–Ohio–3845, ¶ 18, quoting *State v. Webb,* 11th Dist. Lake No.2003–L–078, 2004–Ohio–4198, ¶ 10, quoting *State v. Arnett,* 88 Ohio St.3d 208, 215, 724 N.E .2d 793, (2000). The Ohio Supreme Court in *State v. Adams,* 37 Ohio St.3d 295, 525 N.E.2d 1361, (1988), held: "[a]silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12." *Latimer, supra,* quoting *Adams,* paragraph three of the syllabus. Moreover, in *State v. Cyrus,* 63 Ohio St.3d 164 (1992), the Ohio Supreme Court held that the burden is on the defendant to present evidence to rebut the presumption that the court considered the sentencing criteria. *Latimer, supra; Cyrus,* at 166.

{¶ 46} In *State v. Cave,* 2nd Dist. Clark No. 09–CA–6, 2010–Ohio–1237, ¶ 10, the appellate court held Cave's sentence was not clearly and convincingly contrary to law merely because the trial court failed to specifically cite either [R.C. 2929.11 and R.C. 2929.12] during the sentencing hearing. See, e.g., *State v. Hatfield,* 2nd Dist. Champaign No.2006CA16, 2006–Ohio–7090, ¶ 9, citing *Schenley v. Kauth,* 160 Ohio St. 109, 111, 113 N.E.2 625 (1953). The *Cave* court further observed, "even if there is no specific mention of those statutes in the record, 'it is presumed that the trial court gave proper consideration to those statutes.'" *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, at fn.4.

4

{¶ 47} Here, Appellant did not meet his burden in demonstrating the trial court's failure to consider R.C. 2929.12(F). Appellant was convicted of rape, R.C. 2907.02(A)(2), a felony of the first degree, and unlawful sexual conduct with a minor, R.C. 2907.04(A)/(B)(1), a felony of the fourth degree. At sentencing, defense counsel requested that the charges be merged for sentencing. The state then elected to proceed on the rape charge. The sentence range for a first degree felony is 3 to 11 years. R.C. 2929.14(A)(1). However, because Appellant was convicted of rape, he was subject to a prison term of not less than 5 years. R.C. 2907.02(B).

{¶ 48} At trial, Appellant testified on his own behalf. He testified he was employed by the United States Marine Corp, as a corporal, and had been in the Marines nearly four years. He testified as to his basic training and his ultimate deployment to Afghanistan.

{¶ 49} At sentencing, defense counsel argued that Appellant was a productive citizen prior to the incident and requested the minimum mandatory sentence. The assistant prosecutor requested a mid to upper range of sentence in the "neighborhood of nine years." The prosecutor stated:

> "It—we've talked about and he testified that he was in the Marine Corp, and the Court is to consider his military service. And—what we've learned about it, that he's been in less than four years. He's due to get out in October. We all know that the Marine Corp's processing him out at the moment. And that he won't be in until December—or until October, he'll be out as a result of this matter here."

{¶ 50} The trial court was not required to obtain a P.S.I. Neither Appellant or his counsel offered any further fact at sentencing in the nature of an emotional, mental, or physical condition traceable to Appellant's military service and a contributing factor to Appellant's conduct on the date of the incident. The trial court was well aware of Appellant's military service and that he had been deployed, specifically to Afghanistan for nine months. While the trial court did not enumerate all of the factors on the record, it was not required to do so. And simply because the trial court did not enumerate R.C. 2929.12(F) on the record, does not also mean the trial court did not consider Appellant's service and deployment. The trial court's statement: "I know he doesn't have any record, Mr. Nash. However, this is a very serious, serious charge," does not, on its face, necessarily suggest that the trial court did not consider the military background. The trial court could have sentenced Appellant to the maximum sentence of 11 years but instead ordered a sentence of eight years, despite the prosecution's request for nine years. This sentence could mean the trial court did, in fact, consider the military background in its decision to impose a sentence less than the maximum and also less than the prosecution's request based on the evidence of military service. For these reasons, we find the

5

>     trial court did not impose a sentence which is clearly and convincingly contrary to
>     law. As such, we overrule the third assignment of error and affirm the judgment of
>     the trial court.

(*Id.* at PageID 190–95).

On December 22, 2014, petitioner, through new counsel, filed a timely notice of appeal to the Ohio Supreme Court. (Doc. 5, Ex. 18). In his memorandum in support of jurisdiction, petitioner, raised the following proposition of law:

> Ohio Revised Code § 2929.12(F) requires a sentencing court to consider evidence
> from which it may make a determination of whether a convicted felon suffers from
> an emotional, mental, or physical condition that is traceable to the offender's
> service in the armed forces of the United States and that it was a contributing factor
> in the offender's commission of the offense or offenses.

(Doc. 5, Ex. 19 at PageID 284). On May 20, 2105, the Ohio Supreme court declined to accept jurisdiction of the appeal. (Doc. 5, Ex. 21). Petitioner filed a motion for reconsideration, which was denied by the Ohio Supreme Court on July 15, 2015. (Doc. 5, Ex. 22, 24).

**State Habeas Corpus Petition**

Meanwhile, on June 13, 2014, petitioner filed a pro se petition for a writ of habeas corpus in the Ross County Court of Common Pleas. (Doc. 5, Ex. 25). Petitioner argued that the trial count lacked jurisdiction over him at the time of the offence because of his active duty military status. According to petitioner, he was only subject to the Uniform Code of Military Justice and could only be prosecuted in a military court. On November 21, 2015, the state court dismissed the petition. (Doc. 5, Ex. 27).

Petitioner did not appeal from the dismissal of his petition.

**Federal Habeas Corpus**

On February 12, 2016, petitioner, through counsel, filed the instant federal habeas corpus

petition. (Doc. 1). Petitioner raises the following single ground for relief:

> **GROUND ONE**: Mr. Fitzgerald was denied due process of law in sentencing when the court disregarded certain sentencing factors that were mandated for consideration by ORC 2929.12(F).
>
> Supporting Facts: The court refused to consider evidence of statutorily mandated mitigation factors when sentencing Mr. Fitzgerald. Ohio Revised Code 2929.12(A) requires a sentencing court to consider the factors in 2929.12(F) requiring the sentencing court to consider the offender's military service record and whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that it was a contributing factor in the offender's commission of the offense or offenses.

(Doc. 1 at PageID 5).

Respondent has filed a motion to dismiss the petition, which petitioner opposes. (Doc. 6, 9).

## III.    RESPONDENT'S MOTION TO DISMISS SHOULD BE GRANTED

As an initial matter, this Court is precluded from reviewing petitioner's ground for relief to the extent that it is based on alleged violations of state law. As noted above, petitioner argues that the trial court disregarded mitigation factors set forth in Ohio Rev. Code § 2929.12(F) at sentencing. A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). *See also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"). Therefore, to the extent that petitioner seeks relief for the state court's alleged failure to correctly apply Ohio law, he fails to state a cognizable claim for relief. *See Burrell v. Smith*, No. 1:12-cv-2233, 2014, WL 1246847, at *13 (N.D. Ohio Mar. 24, 2014) ("Generally, a challenge to a state court's

7

interpretation and application of Ohio's sentencing laws is not cognizable in a federal habeas corpus action.") (collecting cases).

Petitioner contends that failure to consider the factors resulted in a violation of his due process rights. However, as argued by respondent, petitioner has waived any claim of constitutional error because he failed to fairly present his constitutional claim to the state courts. "Federal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts." *Fulcher v. Motley,* 444 F.3d 791, 798 (6th Cir. 2006) (quoting *Newton v. Million,* 349 F.3d 873, 877 (6th Cir. 2003)); *see also* 28 U.S.C. § 2254(b), (c); *Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985). Moreover, it is well-settled that in order to satisfy the "fair presentation" requirement, a habeas corpus petitioner must present both the factual and legal underpinnings of his claims to the state courts. *Fulcher,* 444 F.3d at 798; *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000); *Franklin v. Rose,* 811 F.2d 322, 325 (6th Cir. 1987).

A set of four guidelines has been developed for determining whether a claim was presented in such a way as to alert the state courts of the claim's federal nature. *McMeans,* 228 F.3d at 681. Under those guidelines, the fair presentation requirement is satisfied if the petitioner raised the federal issue in the state courts by (1) relying on federal cases employing constitutional analysis; (2) relying on state cases employing constitutional analysis in similar factual contexts; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a

8

specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *Id.* (citing *Franklin*, 811 F.2d at 326).

In this case, petitioner failed to present his claim as a constitutional issue in his direct appeal. Instead, petitioner argued that the trial court's failure to consider his military background and record amounted to error under state law. As noted above, petitioner's third assignment of error on direct appeal was that "the trial court erred when it failed to consider R.C. 2929.12(F) when imposing its sentence." (Doc. 5, Ex. 14 at PageID 157). Petitioner did not rely on federal or state cases employing constitutional analysis, nor can the Court conclude that petitioner phrased his claim in terms of constitutional law or alleged facts well within the mainstream of constitutional law.

Petitioner's arguments to the contrary are without merit. Citing *King v. Greer*, 672 F. Supp. 339, 340 (N.D. Ill. 1987), and *Sullivan v. Fairman*, 731 F.2d 450, 453 (7th Cir. 1984), petitioner contends that he presented his claim in terms sufficient to alert the state court of the constitutional nature of the claim. In *Sullivan*, the Seventh Circuit noted that there may be situations in which the due process ramifications of an argument are self-evident and therefore sufficient to alert the state court of the claim's constitutional implications. *Sullivan*, 672 F. Supp. at 454. However, as in this case, the petitioner in *Sullivan* "did not present th[e] state court argument in the context of a federal constitutional claim, . . . never used the term 'due process,' and the opinion of the [state court] indicates that it discerned no due process implications." *Id.* at 453–54. Thus, in factual circumstances similar to the instant case, the *Sullivan* court determined that the petitioner failed to fairly present the constitutional claim to the state courts.[2] Petitioner's

---

[2] Consistent with the standard set forth by the Sixth Circuit in *McMeans*, the Seventh Circuit held that "where the argument presented to the state court does not: '(a) rel[y] on pertinent federal cases employing constitutional

case is also distinguishable from *King*, in which the court determined that the petitioner "articulated his illegal arrest claim in terms of insufficient 'probable cause'—a phrase commonly associated with the Fourth Amendment" and that "his illegal arrest tainted a subsequent inculpatory statement—a fact pattern typical of Fourth Amendment jurisprudence." *King*, 672 F. Supp. at 340. To the contrary, in this case, on direct appeal petitioner simply argued that the trial court's failure to consider his military history amounted to error under Ohio law and failed to make any argument that would alert the Ohio Court of Appeals to the constitutional nature of his claim.

In his memorandum in support of jurisdiction to the Ohio Supreme Court, petitioner did allege that the court's failure to consider his military record implicated his due process rights. (*See* Doc. 5, Ex. 19 at PageID 292). However, petitioner was unable to satisfy the "fair presentation" requirement at that late juncture because the Ohio Supreme Court lacked jurisdiction to consider the constitutional issue, which had not been raised to or considered by the intermediate appellate court. *See* Ohio Const. art. IV, § 2(B)(2); *State v. Jones,* 211 N.E.2d 198 (Ohio 1965); *see also Rigdon v. Ohio Adult Parole Authority,* No. 1:08-cv-716, 2010 WL 3910236, at *9 (S.D. Ohio July 7, 2010) (Wehrman, J.) (citing *Leroy,* 757 F.2d at 99; *Fornash v. Marshall,* 686 F.2d 1179, 1185 n.7 (6th Cir. 1982)), *adopted,* 2010 WL 3910230 (S.D. Ohio Oct. 4, 2010) (Dlott, J.); *Harsh v. Warden, Chillicothe Corr. Inst.,* No. 1:08-cv-433, 2009 WL 3378246, at *1, *9 n.8 (S.D. Ohio Oct. 15, 2009) (Beckwith, J.; Black, M.J.) (and cases cited therein).[3]

---

analysis;(b) rel[y] on pertinent federal cases employing constitutional analysis in lie fact situations, (c) assert[] the claim in terms so particular as to call to mind a specific right protected by the Constitution, . . . [or] (d) alleg[e] a pattern of facts that is well within the mainstream of constitutional litigation,' *Daye v. Attorney General of New York*, 696 F.2d 186, 194 (2d Cir. 1982) (en banc), we cannot say that the state court has considered or had a fair opportunity to consider and correct the subsequently alleged constitutional violations." *Sullivan* at 454.

3  *Cf. Mayes v. Hudson,* No. 1:07-cv-315, 2010 WL 55963, at *9 & n.1 (N.D. Ohio Jan. 4, 2010) (in holding that the petitioner's "failure to raise [a] ground for relief . . . in the state appellate court on direct appeal procedurally defaulted that claim," the district court noted: "Even if [the] memorandum in support of jurisdiction in the Ohio Supreme Court

Because petitioner failed to provide the state's highest court with an opportunity to correct the alleged violations of his constitutional rights, he procedurally defaulted and has waived the ground for relief absent a showing of cause and prejudice for the default in the state courts, or that a fundamental miscarriage of justice will occur if the claim is not considered herein. *See, e.g., Coleman,* 501 U.S. at 750; *Harris,* 489 U.S. at 262. No such showing has been made in this case.

Petitioner argues that under 28 U.S.C. § 2254(b)(1) the exhaustion of state court remedies is not required under circumstances that render the state corrective process ineffective to protect the rights of the applicant. Petitioner contends that "[t]here is no state corrective process to compel Ohio to see a blatant constitutional violation if they choose to maintain it does not exist" and that the state court has erected "an unrebuttable presumption of proper court action even when the record spoke otherwise." (Doc. 9 at PageID 1103). However, as discussed above, petitioner did not raise his assignment of error as a constitutional claim on direct appeal and the fact that state court of appeals determined that the trial court did not commit error under Ohio law does not render the state corrective process ineffective.

Accordingly, in sum, to the extent petitioner claims he is entitled to habeas relief because the trial court committed error under state law, he raises issues of state law only that are not cognizable in this federal habeas corpus proceeding. Petitioner has waived his constitutional claims in his petition by failing to fairly present the claims to the state courts.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 6) be **GRANTED**, and that petitioner's petition

---

could be read as having raised the claim . . ., [the petitioner's] failure to raise that claim in the appellate court resulted in its default," because it must be assumed from the Ohio Supreme Court's silence as to the reasons for denying the claim that it did not "ignore its own procedural rules and . . . enforced the procedural bar" prohibiting review of claims that are "not raised in the underlying appellate proceeding") (citing *Simpson v. Sparkman,* 94 F.3d 199, 203 (6th Cir. 1996)).

for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice.

    2.  A certificate of appealability should not issue with respect to the claims alleged in the petition, which this Court has concluded are not cognizable or waived and thus procedurally barred from review, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[4]

    3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. See Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

                        *s/ Stephanie K. Bowman*
                        Stephanie K. Bowman
                        United States Magistrate Judge

---

[4] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in the defaulted grounds for relief. See *Slack,* 529 U.S. at 484.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TYLER R. FITZGERALD,
    Petitioner,

vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:16-cv-307

Black, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).